1  Sandra L. Malek (State Bar No. 90447)
   MALEK & MALEK
2  3625 Del Amo Boulevard, Suite 350
   Torrance, California 90503
3  Telephone: (310) 540-5100

4

5  Attorneys for Plaintiff
        Keith Webb

6

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 04 3174 JL

Keith Webb,

    Plaintiff

vs.

Indigenous Global Development Corporation,

    Defendant

Case No.
Action Filed
Case Assigned to

COMPLAINT ON A
PROMISSORY NOTE

---

Plaintiff Keith Webb alleges:

1. Plaintiff is and was at all times mentioned herein a citizen of the State of Florida.

2. <u>JURISDICTION</u>. Indigenous Global Development Corporation is a corporation incorporated under the laws of the State of Utah, having its principal place of business in the State of California. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC §1332. The amount in controversy exceeds $75,000.00.

3. Defendant has its principal place of business in the San Francisco District of this Court.

4. On or about February 11, 2003, Defendant executed and delivered to Plaintiff a secured promissory note in the principal amount of $250,000.00, due on or before May 11, 2004. A copy of the secured promissory note is attached hereto as Exhibit A and is incorporated herein by reference.

5. Defendant did not pay Plaintiff $250,000.00 on or before May 11, 2004, or at any other time, as promised, and owes to Plaintiff $250,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. General damages in the amount of $250,000.00;
2. Interest at the legal rate of ten (10%) percent per annum from May 11, 2004;
3. For reasonable attorneys' fees;
4. Costs of suit; and
5. For such other relief as the Court deems proper.

DATED: August 3, 2004

MALEK & MALEK

By /s/ Sandra L. Malek
Sandra L. Malek
Attorney for Plaintiff
Keith Webb

# Exhibit "A"




# SECURED PROMISSORY NOTE

$250,000

San Francisco, California
February 11, 2003

FOR VALUE RECEIVED, Indigenous Global Development Corporation, a Utah corporation ("Debtor"), promises to pay to the order of Keith Webb or his assigns ("Lender"), the principal sum of Two Hundred Fifty Thousand Dollars ($250,000) on outstanding principal of this Secured Promissory Note ("Note"), in accordance with the terms and conditions provided for in this Note.

Debtor shall make all payments hereunder to Lender in lawful money of the United States and in immediately available funds.

Debtor shall repay the principal sum of $250,000 to Lender on or before May 11, 2004. Principal payments shall be made by Debtor to Lender daily from the net profits from natural gas sales (as defined below) at a rate of Five Thousand Dollars ($5,000) per day, commencing on the first date of such net profits and continuing until repayment of this $250,000 Note in full, and thereafter continuing until payment in full of an additional Two Hundred Fifty Thousand Dollars ($250,000) is made by Debtor to Lender. Should default be made in payment of any daily installment hereunder, the whole sum of Five Hundred Thousand Dollars ($500,000), less any payments made, shall become immediately due and payable in full at the option of Lender. In the event that Debtor at any time before May 11, 2004, Debtor obtains financing in excess of $500,000, then payment shall be made immediately by Debtor to Lender of $250,000.

Debtor waives presentment, demand, and notice of demand, protest or notice of nonpayment in connection with the delivery, acceptance, performance, default or enforcement of this Note or of any document or instrument evidencing any security for payment of this Note.

Failure at any time to exercise any of the rights of Lender hereunder shall not constitute a waiver of such rights and shall not be a bar to exercise of any of such rights at a later date. In the event of commencement of suit to enforce payment of this note, the prevailing party shall be entitled to receive the costs of collection including reasonable attorneys' fees and court costs.

Interest shall not accrue on the unpaid principal balance of this Note and the annual interest shall be zero percent (0%).

Debtor pledges and grants to Lender a security interest in the Collateral (as defined below) to secure payment and performance of all obligations and liabilities of Debtor

Jul 23 04 11:24a                                                                              p.4

FROM :LEONARD                         FAX NO. :9842694577                    Jul. 13 2004 02:41PM  P3
          FEB-11-2004  12:15   FROM:UNITED NATIVE DEPOSIT  1 415 955 4749    TO:19842694577        P.3/5

under this Note and the Agreement. At the request of Lender, Debtor shall use commercially reasonable efforts to procure, execute and deliver from time to time any consents, approvals, endorsements, assignments, financing statements and other writings deemed necessary or appropriate by Lender to perfect, maintain and protect his security interest and the priority thereof.

The "Collateral" shall consist of the following, whether now existing or hereafter arising: (i) all net profits from natural gas sales, and (ii) the pledge of one million (1,000,000) shares of common stock of Debtor beneficially owned by Deni Leonard, Chief Executive Officer of Debtor, who, by his signature below, represents and warrants that: he owns such shares free and clear of any encumbrances; such shares are not subject to any pre-emptive or other rights; and he has the power to pledge such shares. Prior to Lender's making the loan to Debtor evidenced by this Note, Deni Leonard shall have delivered to Lender the certificate or certificates evidencing such pledged shares, duly endorsed or accompanied by separate duly executed stock powers for the benefit of Lender.

"Net profits from natural gas sales" shall mean gross profits less costs and expenses applicable to such sales, before any interest, taxes, amortization or extraordinary items.

Debtor and Deni Leonard hereby grant and transfer the right and power of attorney to Lender as the attorney in fact of Debtor and Deni Leonard, as the case may be, in the name and place of Debtor and Deni Leonard, as the case may be, to execute such documents and to take such other actions as Lender may deem necessary, useful or appropriate to perfect, enforce, exercise, collect or otherwise effectuate Lender's security interest in any or all of the Collateral or any of Lender's rights and remedies with respect to the Collateral or this Note.

Upon Debtor's indefeasible repayment in cash in accordance with this Note of the outstanding principal balance of this Note and all other amounts owing in connection with this Note, or secured by any or all of the Collateral, Lender will execute and deliver any agreement, financing statement termination or other writings necessary to release the security interest granted in the Collateral.

For purposes of this Note, the term "default" shall include any of the following: Debtor shall (i) make an assignment for the benefit of creditors or petition or apply to any tribunal for the appointment if a custodian, receiver or trustee for it or a substantial part of its assets, (ii) commence any proceeding under any bankruptcy, reorganization, arrangement, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction, whether now or hereafter in effect, (iii) have had any such petition or application filed or any such proceeding commenced against it that is not dismissed within 30 days, (iv) indicate, by any act or intentional and purposeful omission, its consent to, approval of or acquiescence in any such petition, application, proceeding or order for relief or the appointment of a custodian, receiver or trustee for it or substantial part of its assets, or (v) suffer any such custodianship, receivership or trusteeship to continue undischarged for a period of 30 days or more; Debtor shall adopt a plan of merger, consolidation, liquidation or dissolution, or the charter thereof shall expire or be

2

revoked; the entry against Debtor of a judgment or decree in excess of $100,000 which has become nonappealable and has remained undischarged, unsatisfied by insurance and unstayed for more than 20 days, whether or not consecutive; the sale or transfer by Debtor of all or any material part of its property or assets except in the usual and ordinary course of the operation of its business, or a change in the general character, or suspension of any significant part, of Debtor's business; any governmental agency or instrumentality shall take any action against Debtor or its business in a manner that could have a material adverse effect thereon.

Upon each such default, Lender may, at his option, accelerate repayment of this Note and all other amounts owing in connection with this Note, in which case all amounts outstanding under this Note and all other amounts owing hereunder shall be due and payable immediately.

Upon any such default, Lender will have full recourse against any tangible or intangible assets of Debtor and against the Collateral and may pursue any legal or equitable remedies, including sale of the pledged shares.

Until the principal amount of this Note and all accrued interest and other amounts due hereunder have been paid in full,

(a) Debtor shall permit Lender and any person Lender may designate to review all books and records, reports, accounts and other financial documents of Debtor and to copy the same and to make excerpts therefrom, all at such reasonable times and as often as Lender may reasonably request, so long as such review and copying does not unreasonably interfere with the business of Debtor.

(b) Debtor will not without the prior written consent of Lender directly or indirectly:

(i) pay any dividends or make any distributions on, or repurchase any shares of, its capital stock;

(ii) create, assume, incur or in any manner become liable for or suffer to exist any indebtedness for money borrowed to any person or entity other than the Holders;

(iii) create, assume or suffer to exist any security interest, lien, charge or other encumbrance in favor of any person or entity other than the Holders; or

(iv) expend in excess of $50,000 with respect to any particular capital expenditure.

All payments under this Note shall be made unconditionally, indefeasibly and in full without deduction, setoff, recoupment, counterclaim or other defense, all of which are hereby waived to the maximum extent permitted by applicable law. If Debtor or any of its affiliates has any claim, setoff, recoupment, defense or other right to the contrary, Debtor shall notify Lender in writing immediately, and Debtor represents and warrants that it presently has no such claims, setoff, recoupment, defenses or other such rights. Debtor hereby waives presentment, demand, protest, notice of dishonor, diligence and all

3

other notices, any release or discharge arising from any extension of time, discharge of a prior party, release of any or all of any security given from time to time under this Note, or other cause of release or discharge other than actual payment in full hereof.

Any term of this Note may be amended or waived with the written consent of Debtor and Lender. Lender shall not be deemed, by any act or omission, to have waived any of his rights or remedies hereunder unless such waiver is in writing and signed by Lender and then only to the specific extent set forth in such writing. A waiver with respect to one event shall not be construed as continuing or as a bar to or waiver of any right or remedy as to a subsequent event. No delay or omission of Lender to exercise any right, whether before or after a default hereunder, shall impair any such right or shall be construed to be a waiver of any right or default, and the acceptance at any time by Lender of any past-due amount shall not be deemed to be a waiver of the right to require prompt payment when due of any other amounts then or thereafter due and payable.

Time is of the essence hereof. Upon any default hereunder, Lender may exercise all rights and remedies provided for herein and by law or equity, including, but not limited to, the right to immediate payment in full of this Note and other amounts owing in connection with this Note.

The remedies of Lender as provided herein, or any one or more of them, or in law or inequity, shall be cumulative and concurrent, and may be pursued singularly, successively or together at Lender's sole discretion and may be exercised as often as occasion therefore shall occur.

This Note shall be governed by and construed in accordance with and under the laws of the State of Delaware applicable to contracts wholly made and performed in such state.

This Note shall be binding upon Debtor and its successors and assigns.

If any provision of this Note is held to be invalid or unenforceable by a court of competent jurisdiction, the other provisions of this Note shall remain in full force and effect and shall be liberally construed in favor of Lender in order to effect the provisions of this Note.

IN WITNESS WHEREOF, Debtor has executed this Note as of the date first above written.

Indigenous Global Development Corporation.

By: _____
Deni Leonard, Chief Executive Officer

_____
Deni Leonard, Individually

4